IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-4-WKW |
| | ) | [WO] |
| MELISSA KELLY HOYLE | ) | |

**ORDER**

Defendant has filed a second *pro se* motion for compassionate release in which she seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 59.) She has also filed a motion styled as a "motion for reconsideration 18 U.S.C. § 3742(e) post sentencing rehabilitation programming." (Doc. # 58.) Both motions are due to be denied.

Under § 3582(c)(1)(A)(i), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Defendant's second motion for compassionate release is due to be denied for the same reason her first motion (Doc. # 55) was denied (Doc.

# 56):  Defendant's motion does not indicate that she has pursued the statutorily mandated procedure.  Thus, her motion is still premature at this time.

Defendant's motion for reconsideration is difficult to interpret.  The statute she cites, 18 U.S.C. § 3742(e), was invalidated by *United States v. Booker*, 543 U.S. 220, 245 (2005).  Her citation to *Pepper v. United States*, 562 U.S. 476 (2011), suggests that she seeks resentencing based on her post-sentencing rehabilitation.  However, *Pepper* does not point Hoyle towards a path to resentencing; it merely holds that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."  562 U.S. at 490.  Hoyle's case has not been remanded for resentencing, nor is her claim cognizable under 18 U.S.C. § 3582(c) or 28 U.S.C. § 2255, so this court cannot grant her the relief she seeks.  *See United States v. Edmondson*, 799 F. Supp. 2d 1297, 1299 (M.D. Ala. 2011).

Accordingly, it is ORDERED that Defendant's motion for compassionate release (Doc. # 59) is DENIED without prejudice with leave to re-file her motion, if necessary, after she has exhausted her administrative rights.  Defendant's motion for reconsideration (Doc. # 58) is DENIED.

DONE this 16th day of June, 2020.

                                            /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE