IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-4-WKW |
| | ) | [WO] |
| MELISSA KELLY HOYLE | ) | |

## ORDER

Defendant has filed a fourth *pro se* motion for compassionate release in which she seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. # 63.)

Under § 3582(c)(1)(A)(i), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." However, a defendant may only move for such a reduction after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).  Courts are not at liberty to excuse a statutory exhaustion requirement.  *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required.").  This statute's exhaustion requirement is no exception. *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321, *6 (6th Cir. June

2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Furthermore, the defendant must exhaust or wait 30 days *before* he or she files a motion for compassionate release. *Id.* at *12 (dismissing a § 3582(c)(1)(A)(i) motion without prejudice because the movant's 30-day window did not close until after the motion was filed).

Defendant's fourth motion for compassionate release is due to be denied for the same reason her previous motions (Docs. # 55, 59, 60) were denied (Docs. # 56, 61, 62): Defendant's motion does not affirmatively allege that she has complied with the statutorily mandated procedure. Thus, her motion is still premature. Accordingly, it is ORDERED that Defendant's motion for compassionate release (Doc. # 63) is DENIED without prejudice with leave to re-file her motion, if necessary, after she has exhausted her administrative rights.

DONE this 24th day of June, 2020.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE
