IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-4-WKW |
| | ) | |
| MELISSA KELLY HOYLE | ) | |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

In November 2018, Defendant Melissa Kelly Hoyle was convicted and sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  She is serving a 100-month sentence, with a projected release date of February 25, 2025.  *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 2, 2021).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Defendant is seeking an early release from federal prison based on her medical conditions that she contends make her particularly vulnerable to suffer severe illness from COVID-19.  (Doc. # 84.)  For the reasons to follow, the motion is due to be denied.

### II.  DISCUSSION

"[C]ourts are generally forbidden from altering a sentence once it becomes final."  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (U.S. June 15, 2021).  Exceptions to this general prohibition

lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One such statutory provision, which commonly is referred to as the "compassionate release" provision, is 18 U.S.C. § 3582(c)(1)(A). It offers courts a narrow reprieve to reduce a sentence: As pertinent here, courts, on a defendant's motion, "may reduce the term of imprisonment" after considering all relevant factors in 18 U.S.C. § 3553(a), "if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The policy statements that apply to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. Section 1B1.13 "governs all motions under Section 3582(c)(1)(A)," including those filed by inmates, and, therefore, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262 (citing § 1B1.13). A sentence reduction must be consistent with § 1B1.13's definition of "extraordinary and compelling reasons," which delineates four qualifying categories: (A) a defendant's medical condition, which includes a "serious physical or medical condition"; (B) a defendant's age; (C) a defendant's family circumstances; and (D) a catch-all provision for "other reasons . . . [a]s determined by the Director of the Bureau of Prisons." § 1B1.13, cmt. n.1(A)–(D). The catch-all provision, as its text

signifies, "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *see also id.* at 1262–65. In addition to mandating a determination that extraordinary and compelling reasons warrant a reduction, § 1B1.13 requires a judicial determination that "the defendant is not a danger to the safety of any other person or to the community." § 1B1.13(2).

In sum, § 3582(c)(1)(A), as relevant here, contains three preconditions:

> [B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are "extraordinary and compelling reasons" for doing so, and . . . as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement.

*United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). *Tinker* held that a district court can examine these three conditions in any order it chooses. *Id.* If even one of these conditions is rejected, then a defendant is not entitled to a sentence reduction. *Id.* The defendant bears the "burden to establish that [s]he qualifie[s] for compassionate release." *United States v. Smith*, 856 F. App'x 804, 806 (11th Cir. 2021) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

Based upon a thorough review of the record, Defendant has not met her burden of demonstrating extraordinary and compelling reasons for compassionate release or that the § 3553(a) factors warrant release.

3

A.     **Extraordinary and Compelling Reasons**

Defendant argues that she has presented extraordinary and compelling reasons for her release because her medical conditions make her susceptible to severe illness should she contract COVID-19. Those medical conditions, according to Defendant, include among others bipolar disorder, depression, anxiety, obesity, and a history of smoking. (Doc. # 84.)

Of the conditions Defendant lists, obesity and being a smoker are two conditions that the Centers for Disease Control and Prevention ("CDC") has recognized "can make [a person] more likely to get severely ill from COVID-19." *See* CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 2, 2021). However, a serious medical condition, in order to rise to the level of extraordinary and compelling for purposes of obtaining a sentence reduction under § 3582(c)(1)(A)(i), must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and be one "from which [the inmate] is not expected to recover." § 1B1.13 cmt. n.1(A).

Although Defendant's reported medical conditions are unfortunate, there is insufficient evidence demonstrating that her conditions rise to the level of decline required by § 1B1.13. Evidence is lacking that Defendant's ability to provide self-care within her prison camp is substantially diminished. Additionally, Defendant's

vaccinated status, although not dispositive, "would presumably weigh against a finding of extraordinary and compelling reasons." *United States v. Hald*, 8 F.4th 932, 939 n.5 (10th Cir. 2021) ("*[L]ike access to vaccination*, prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." (citation omitted) (emphasis added)); *United States v. Hall*, No. 212CR00391, 2021 WL 2334241, at *2 (N.D. Ala. June 8, 2021) (finding that, because the defendant was "fully vaccinated against COVID-19," he could not "show that he face[d] extraordinary risk from COVID-19" or that he "[was] suffering from any medical condition that substantially diminishe[d] his ability to care for himself in prison and from which he [was] not expected to recover").

Defendant understandably is concerned about the risks COVID-19 and any variants pose to her. Fortunately, on the COVID-19 front, there have been positive developments within the BOP. First, according to the BOP's website, currently, the facility where Defendant is incarcerated—Federal Prison Camp Alderson ("FPC Alderson")—has no active COVID-19 cases among its inmates and staff. *See* BOP Covid-19 Cases, available at https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 2, 2021). This is an improvement. *See id.* Second, according to its website, the BOP has administered 240,249 doses of the COVID-19 vaccine to its staff and inmates. *See* BOP Covid-19 Vaccine Implementation, available at

https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 2, 2021); BOP Statistics, https://www.bop.gov/about/statistics/ (reporting that the BOP has approximately 36,000 staff and 156,000 inmates) (last visited Nov. 2, 2021). Of these 240,249 doses, at FPC Alderson, 70 staff members and 440 inmates have received both doses of the COVID-19 vaccine and, thus, have been fully inoculated. *See* BOP Covid-19 Vaccine Implementation, available at https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 2, 2021); *see also* BOP FPC Alderson, https://www.bop.gov/locations/institutions/ald/ (last visited Nov. 2, 2021) (reporting that currently there are 660 inmates housed at FPC Alderson). These statistics indicate that the vaccination rate at FPC Alderson exceeds that of the general population in the state of Alabama.

Based on the foregoing, Defendant has not presented extraordinary and compelling reasons for her early release.

**B.     The Balancing of the § 3553(a) Factors**

The § 3553(a) factors, considered in light of Defendant's "current circumstances" and her "circumstances at the time of h[er] original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021). These factors include the nature and circumstances of Defendant's offense, her history and characteristics, and the need "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the

6

offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." § 3553(a)(1), (a)(2)(A)–(C).

To begin on a positive note concerning Defendant's recent history and characteristics, Defendant is to be commended for the steps she has taken to better herself. *See United States v. Etienne*, No. 21-10009, 2021 WL 2853149, at *2 (11th Cir. July 8, 2021) (observing that a defendant's "significant efforts to rehabilitate himself" relate to his "'history and characteristics'" (quoting § 3553(a)(1))). Defendant reports that she has earned her GED and has completed more than 600 hours of courses. Defendant's rehabilitative advances are notable, and she is encouraged to continue these efforts.

Even considering Defendant's "significant efforts to rehabilitate" herself, *id.*, her past conduct still has present consequences. The nature and circumstances of Defendant's drug offense were serious. Additionally, Defendant's criminal past—which resulted in a criminal history category of V—encompasses multiple felony convictions for possessing and manufacturing controlled substances and convictions for attempting to allude law enforcement and promoting prison contraband. (Presentence Investigation Report, at 6–9 (Doc. # 52).)

Additionally, as to the other applicable § 3553(a) factors, Defendant's release at this juncture—with substantial time remaining on her sentence—would undercut the gravity of her offenses, diminish public respect for the law, negate the deterrent

value of punishment, and weaken the value of a just punishment. *See* § 3553(a)(2). Based on consideration of all the circumstances, the balancing of the applicable § 3553(a) factors does not justify Defendant's release.

**C.     Conclusion**

Defendant has not met her burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining a sentence reduction. She has not demonstrated extraordinary and compelling reasons for compassionate release or that the § 3553(a) factors warrant release. Defendant, thus, is not entitled to release.

### III. ORDER

For the foregoing reasons, it is ORDERED that Defendant's motion for compassionate release (Doc. # 84), as supplemented (Doc. # 85), is DENIED.

DONE this 3rd day of November, 2021.

                                          /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE