IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 3:18-cr-004-WKW-CWB |
| | ) |
| MELISSA KELLY HOYLE | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the court is a series of requests wherein Defendant Hoyle seeks to make an adjustment to her presentence investigation report by altering the description of a 2009 Reckless Endangerment misdemeanor conviction for "placing other motorists and pedestrians in danger." (*See* Docs. 91, 93, 94, 96). Pursuant to 28 U.S.C. § 636, referral has been made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (*See* Docs. 92, 95). After carefully reviewing Defendant Hoyle's submissions, the undersigned concludes that her requests are due to be denied.

Rule 32 of the Federal Rules of Criminal Procedure affords parties a limited period within which to assert objections to presentence investigation reports:

> (1) *Time to Object*. <u>Within 14 days after receiving the presentence report</u>, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.

Fed. R. Crim. P. 32(f) (underlining added). Objections may thereafter be allowed only upon a showing of good cause and only if asserted prior to the imposition of a sentence:

> (1) *In General*. At sentencing, the court:
>
>     \*\*\*
> (D) may, for good cause, allow a party to make a new objection <u>at any time before sentence is imposed</u>.

Fed. R. Crim. P. 32(i) (underlining added).

1

The record does not reflect that Defendant Hoyle asserted any objections to her presentence investigation report within the period permitted by Rule 32(f) or otherwise prior to imposition of a sentence as contemplated by Rule 32(i). Nor has Defendant Hoyle alleged that she asserted an objection at any such time. Defendant Hoyle instead acknowledges that her attorney informed her of the contents of the presentence investigation report, and the record reflects that the court adopted the presentence investigation report without change. (*See* Doc. 91 at p. 2 and Doc. 54 at p. 1). To the extent Defendant Hoyle is now attempting to object belatedly to certain content in the presentence investigation report, the court is simply without jurisdiction. *See United States v. Peloso*, 824 F.2d 914 (11th Cir. 1987) ("This court has recently held that Fed. R. Crim. P. 32 does not confer jurisdiction on the district court to consider a motion to correct a presentence investigation report.") (citing *United States v. Fischer*, 821 F.2d 557 (11th Cir.1987)); *see also United States v. McCray*, 567 F. App'x 859, 860 (11th Cir. 2014) ("Federal Rule of Criminal Procedure 32 governs the preparation of presentencing reports, but it provides no jurisdiction for correcting a report after a judgment of conviction and sentence has been entered.") (citing *Fischer,* 821 F.2d 557).[1]

---

[1] The Eleventh Circuit additionally explained in *McCray* the proper methods by which to raise challenges to perceived errors in a presentence investigation report—none of which could be utilized for the first time "several years after [the] sentence was imposed":

> An error in the report may instead be challenged on direct appeal. *United States v. Peloso,* 824 F.2d 914, 915 (11th Cir. 1987). Federal Rule of Criminal Procedure 35 permits a district court to correct a sentence for an arithmetical, technical, or other clear error, but only within 14 days of sentencing. Fed. R. Crim. P. 35(a). And Federal Rule of Criminal Procedure 36 permits a district court, at any time, to correct a clerical error or an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. But a motion under Rule 36 may not be used to make substantive alterations to a sentence. *United States v. Portillo,* 363 F.3d 1161, 1164 (11th Cir. 2004). And a defendant cannot challenge the accuracy of his presentencing investigation report for the first time in a collateral attack. *Simmons v. United States,* 777 F.2d 660, 661-62 (11th Cir. 1985).

567 F. App'x at 860. *See also Peloso*, 824 F.2d 914.

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that all of Defendant Hoyle's pending requests (*See* Docs. 91, 93, 94, 96) be **DENIED**.

It is **ORDERED** that any objections to this Recommendation must be filed no later than August 7, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 24th day of July 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**